UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIA COWAN,

      Plaintiff,

v.                                                Case No. 8:23-cv-01690-CEH-AAS

LINCARE INC.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

The parties move for the court to approve their proposed settlement of the Fair Labor Standards Act (FLSA) claims and dismiss this case with prejudice. (Doc. 44).

A claim brought under the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–1353 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id*. To approve the settlement, the district court must determine whether the

settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for overtime wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted).

In this action against Defendant Lincare Inc., Plaintiff Kia Cowan requests the recovery of overtime wages in connection with her employment with Lincare. (Doc. 1). To resolve the litigation, the parties agreed to a settlement, which was subsequently submitted for review. (Doc. 44-1). Within the proposed settlement agreement, Lincare agrees to pay Ms. Cowan $707.38, and the separately negotiated amount for Ms. Cowan's attorney's fees and costs in the amount of $4,000.00. (*Id.* at p. 2).

Within the proposed settlement agreement, the parties included a release by Ms. Cowan of claims against Lincare in this action. (*Id.* at pp. 3–5). As some courts have found, a non-cash concession by a plaintiff, such as a release clause or confidentiality provision, does not destroy the compensation guaranteed by the FLSA. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-ACC-DAB, 2012 WL 933057, at *5–6 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). Here, approval of Ms. Cowan's choice to accept a release as a non-cash condition as part of their settlement, made with the benefit of advice of counsel, is appropriate under the standard in *Lynn's Food*. *See Jarvis*, 2012 WL 933057, at *6 (citing *Lynn's Food*, 679 F.2d at 1350), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

After consideration of the proposed settlement agreement, the undersigned concludes the settlement is a fair and reasonable resolution of the parties' dispute. *See Lynn's Food*, 679 F.2d at 1353–55.

Accordingly, it is **RECOMMENDED** that:

1. The parties' Joint Motion for Order Approving Settlement and Dismissing Case with Prejudice (Doc. 44) be **GRANTED**;

2. The settlement agreement (Doc. 44-1) be accepted, adopted, and approved by the court, and the parties be ordered to execute the

settlement agreement and comply with the terms of the executed settlement agreement;

3. This action be **DISMISSED with prejudice**; and

4. The Clerk be directed to terminate all pending deadlines and to close the case.

**ENTERED** in Tampa, Florida on July 25, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.